## No. C-1001

**D. H., a Child and Concerning D. H. and J. H. v. The People of the State of Colorado**

(561 P.2d 5)

Decided March 7, 1977.                    Rehearing denied March 28, 1977.

Stuart & Beckner, Michael G. Beckner, for petitioner.

J. E. Losavio, Jr., District Attorney, Charles Malouff, Deputy, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Certiorari was granted to review the decision of the court of appeals in *People in Int. of D. H.*, 37 Colo. App. 544, 552 P.2d 29. We affirm the judgment of the court of appeals.

Petitioner D. H., a minor, seeks reversal of the court of appeals' decision which dismissed his appeal from an order entered by the juvenile division of the District Court of Pueblo County, transferring his case to the criminal side of the court. Section 19-3-108, C.R.S. 1973.

A petition of delinquency had been filed in the juvenile division of the district court, alleging that petitioner had committed acts which would constitute attempted first-degree murder and first-degree assault if committed by an adult. The court granted the district attorney's request for a hearing on whether jurisdiction over petitioner should be transferred to the criminal side of the district court, pursuant to section 19-3-108, C.R.S. 1973.

Following the transfer hearing and a court-ordered psychiatric examination of petitioner, the court granted the district attorney's motion and directed that petitioner be tried as an adult. Petitioner appealed the transfer order to the court of appeals. That court held that a transfer order is not a final judgment from which appeal lies and dismissed the appeal.

As the court of appeals correctly noted, appeal to that court lies only from the final judgment of a district, superior, probate or juvenile court. Section 13-4-102(1), C.R.S. 1973; C.A.R. 1(a)(1). *Stillings v. Davis*, 158 Colo. 308, 406 P.2d 337, defines the term "final judgment":

"* * * A final judgment is defined as one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding. * * *"

Clearly, a transfer order from juvenile to district court does not fit this definition. Such an order is interlocutory in nature and in no sense "completely determine[s] the rights of the parties." In effect, a transfer order resembles a bind-over from county court, *People v. Flanigan*, 189 Colo. 43, 536 P.2d 41, which may be reviewed by an original proceeding in cases where such review is deemed appropriate by this court. *Kuypers v. Dist. Ct.*, 188 Colo. 332, 534 P.2d 1204. *See also Briones v. Juvenile Court*, 188 Colo. 189, 534 P.2d 624.

■ Petitioner argues that the importance of transfer orders justifies an appeal as of right. There is no dispute that a transfer order has far-reaching effect on the minor involved. As a result of his transfer to adult court, he not only becomes subject to adult criminal penalties but he loses the substantial protections of the Children's Code.[1]

Nonetheless, the significance of a transfer order to the minor involved does not render it any more "final" for purposes of appeal.[2]

Judgment affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE CARRIGAN do not participate.

---

[1] *See*, for example, sections 19-1-107(2) (public may be excluded), 19-1-109 (no civil disability attaches, inadmissible as evidence in criminal proceedings), C.R.S. 1973. Such considerations led the United States Supreme Court to describe the transfer order as a "'critically important' action determining vitally important statutory rights of the juvenile." *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84.

[2] Although we considered an appeal from a transfer order in *People, Int. of G.A.T.*, 183 Colo. 111, 515 P.2d 104, the question of finality was neither raised nor considered there.

Practical considerations militate against invoking the appellate process to review interlocutory orders in juvenile proceedings. It is imperative by reason of the age of the alleged offenders that their involvement in unlawful conduct be speedily resolved so that, in cases where the petition in delinquency is sustained, proper sanctions appropriate to juveniles vis-a-vis adults may be effectively imposed. The delay involved in appellate review of interlocutory orders would in many cases necessarily impede the proper function of the juvenile court.