**The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of K.L. and A.L., Children,**

**And Concerning, M.L. and H.L., Respondents-Appellants.**

**No. 83CA0941.**

Colorado Court of Appeals, Div. II.

April 5, 1984.

William Thiebaut, Jr., Sp. Asst. County Atty., Pueblo, for petitioner-appellee.

Wayne R. Bartley, Pueblo, for guardian ad litem for children.

Donald J. Banner, Pueblo, for respondents-appellants.

BABCOCK, Judge.

In this dependency and neglect action, respondents M. and H.L., appeal the trial court's denial of their motion for leave to examine their children, K.L. and A.L., as witnesses. We conclude that there is no final judgment within the meaning of

C.A.R. 1(a)(1). Therefore, we dismiss the appeal.

In July 1981, K.L. and A.L. were adjudicated dependent and neglected, and in December 1981, a decree of disposition was entered awarding custody to the Pueblo County Department of Social Services. In July 1982, an order was entered adopting a treatment plan. A social services report was filed in December 1982 to aid a scheduled judicial review of the children's out-of-home placement and to evaluate the respondents' progress under the treatment plan.

The respondents filed objections to the report together with a motion for leave to examine the children regarding the report. The motion was denied after hearing, and thereafter, on June 1, 1983, without further hearing, the trial court entered its order approving the report of the department of social services which effectively continued the decree of disposition awarding custody of the children to the department of social services. This appeal followed.

■■■■ Delinquency proceedings are subject to the finality requirements of C.A.R. 1(a)(1). *People in Interest of D.H.,* 37 Colo.App. 544, 552 P.2d 29 (1976), *aff'd,* 192 Colo. 542, 561 P.2d 5 (1977). A final judgment is one which ends the particular action in which it is entered leaving nothing further for the court pronouncing it to do in order to determine completely the rights of the parties involved in the proceeding. *People in Interest of D.H., supra.*

■■■■ The issue on appeal arose at a post-dispositional phase of the proceeding, *see* § 19–3–111, C.R.S. (1978 Repl.Vol. 8), and in the context of the statutorily prescribed periodic judicial review of out-of-home placements. Sections 19–3–109(4), 19–1–108(2.5) and 19–3–115(4)(a), C.R.S. (1978 Repl.Vol. 8). While this proceeding is important to the parties, the order entered in connection herewith did not change any of the rights of the parties and is thus interlocutory in nature. *See People in Interest of D.H., supra.*

Appeal dismissed.

BERMAN and KELLY, JJ., concur.