**The PEOPLE of the State of Colorado,**
**Petitioner-Appellee,**

**In the Interest of B.M., A Child,**

**And Concerning R.M.,**
**Respondent-Appellant.**

**No. 86CA0602.**

Colorado Court of Appeals,
Div. III.

April 9, 1987.

Rebecca Parker, Commerce City, for petitioner-appellee.

Carpenter & Johnson, P.C., William L. Carpenter, Babette Norton, Wheat Ridge, Guardian ad Litem.

William H. Ebbert, Denver, for respondent-appellant.

STERNBERG, Judge.

R.M., the father, appeals from a summary judgment adjudicating his minor child, B.M., dependent and neglected. We affirm.

On April 26, 1985, a petition in dependency and neglect was filed with respect to B.M. That same day father filed a petition for relinquishment which alleged that B.M. was beyond parental control.

In the fall of 1985, it appeared that the father was not going to pursue the petition for relinquishment, so the petition in dependency and neglect was set for trial on January 15, 1986. On January 6, 1986, petitioner filed a motion to amend the petition in dependency and neglect, for continuance of trial, and for summary judgment. The motion sought to amend the petition to include an allegation that B.M. was beyond parental control, then requested summary judgment on the ground that no genuine issue of material fact existed because the father's petition for relinquishment admitted that B.M. was beyond his control.

The motion was heard on January 14, 1986. During argument, the father objected to summary judgment because he had not been afforded the time prescribed by C.R.C.P. 56(c) to file an opposing affidavit. In response, the trial court allowed him to make an offer of proof as to what the content of his affidavit would have been had he had time to respond to the motion. Thereafter, the trial court granted the motion to amend and entered summary judgment adjudicating B.M. dependent and neglected. A dispositional hearing, which resulted in the approval of a treatment plan and orders concerning placement of B.M., was conducted in March 1986, and this appeal followed.

Initially, we reject the guardian ad litem's contention that we are without jurisdiction to review this matter. The approval of a treatment plan which addresses the placement of a minor child following an adjudication of dependency and neglect constitutes a disposition, § 19–3–111(1), C.R.S. (1986 Repl.Vol. 8B), and renders the adjudication final for purposes of appeal. *People in Interest of E.A.*, 638 P.2d 278 (Colo.1981).

The father seeks reversal of the adjudication of dependency and neglect, contending that summary judgment was improper because he was not given the time allowed by C.R.C.P. 56(c) to file opposing affidavits. We disagree.

C.R.C.P. 56(c) permits a party to file affidavits in opposition to a motion for summary judgment within the time allowed for the filing of a responsive brief, 15 days, *see* C.R.C.P. 121 § 1–15, unless the trial court orders more or less time. The rule further provides that: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The trial court heard the motion for summary judgment eight days after it had been filed. To avert any prejudice, the father, who had not yet filed an affidavit in opposition, made an offer of proof as to

what his affidavit would state, asserting that he had filed the petition in relinquishment so that criminal charges arising in connection with this matter would not be pursued. This offer of proof did not set forth facts showing the existence of a genuine issue of material fact as to whether B.M. was beyond the father's control, so the trial court entered judgment forthwith. This procedure comports with C.R.C.P. 56(c) and does not constitute reversible error.

The cases upon which the father relies in seeking reversal, *Jardon v. Meadowbrook-Fairview Metropolitan District*, 190 Colo. 528, 549 P.2d 762 (1976), and *Cherry v. A-P-A Sports, Inc.*, 662 P.2d 200 (Colo. App.1983), were decided under the version of C.R.C.P. 56(c) in effect prior to July 1, 1983, and are inapposite here.

The father's objections to the motion for summary judgment raised before the trial court concerned the filing of the opposing affidavits and the consideration of interrogatories filed in connection with the relinquishment proceeding. At no time did the father challenge the propriety of an adjudication of dependency and neglect entered on the basis of summary judgment. Accordingly, we decline to address the father's contentions in this regard. *See Zoline v. Telluride Lodge Ass'n*, 732 P.2d 635 (Colo.1987); *Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983).

Judgment affirmed.

VAN CISE and CRISWELL, JJ., concur.