The PEOPLE of the State of Colorado, Petitioner-Appellee,

In the Interest of P.L.B., a Child,

And Concerning: L.L.B., Appellant,

and

S.C., Intervenor-Appellant.

No. 86CA1727.

Colorado Court of Appeals, Div. II.

Aug. 27, 1987.

Patrick R. Mahan, Jefferson Co. Atty., Daniel E. Ramsey, Ilene P. Buchalter, Asst. Co. Attys., Golden, for petitioner-appellee.

Charles L. Darby, Denver, for appellant.

James M. Downey, Boulder, for intervenor-appellant.

**METZGER, Judge.**

In this dependency and neglect proceeding, S.C., the child's maternal aunt, and L.L.B., the child's mother, appeal the district court order affirming the juvenile commissioner's issuance of a protective custody order and the subsequent modification of the child's out-of-home placement. We dismiss the appeal.

Following an adjudication of dependency and neglect on November 19, 1984, legal custody of the child, P.L.B., was awarded to the Jefferson County Department of Social Services (the department), and the child was placed with her maternal grandparents. Thereafter, on motion of the child's father, the trial court ordered the child's physical custody to be with her maternal aunt.

On May 12, 1986, the maternal aunt sought court permission to move out of state with the child. The father responded by filing a second motion for change of placement. Both motions were denied, and the court ordered that the maternal aunt could not take the child out of Colorado for more than one day without a court order. The order further provided that the child would be placed with her paternal aunt and uncle if the maternal aunt did leave the state.

On August 6, 1986, after three unsuccessful attempts in a week to contact the maternal aunt, the department's caseworker sought a protective custody order pursuant to § 19–10–107, C.R.S. (1986 Repl. Vol. 8B). A protective custody order was issued on August 7, 1986, and the department regained physical custody of the child after she had visited her mother that day.

The next day, the father filed a third motion for change of placement, and a hearing concerning placement of the child was conducted on August 11 and 14, 1986. The commissioner, pursuant to the department's recommendation, placed the child with her paternal aunt and uncle. The order was affirmed by the district court, and this appeal followed.

Dependency and neglect proceedings are subject to the finality requirements of C.A.R. 1(a)(1). *People In Interest of E.A.*, 638 P.2d 278 (Colo.1981). A final judgment is "one which ends a particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *D.H. v. People*, 192 Colo. 542, 561 P.2d 5 (1977).

An order for temporary protective custody concerns the physical custody of a child and does not affect the parties' right to legal custody of the child. *S.L. v. District Court*, 676 P.2d 12 (Colo.1984); § 19–10–107, C.R.S. (1986 Repl. Vol. 8B). Orders issued pursuant to § 19–10–107, C.R.S. (1986 Repl. Vol. 8B) are intended to ensure

the child's health and safety. *See W.H. v. Juvenile Court,* 735 P.2d 191 (Colo.1987); *S.L. v. District Court, supra.*

At all times pertinent here, legal custody of the child was vested in the department. The orders concerning legal custody and physical placement of the child were subject to periodic judicial review, *see* §§ 19-3-109(4) and 19-3-115(4); *People In Interest of K.L.,* 681 P.2d 535 (Colo.App.1984), and the department, as legal custodian, had the right, subject to the approval by the court, to determine where and with whom the child would live. *See* § 19-3-115(3)(a), C.R.S. (1986 Repl. Vol. 8B); *S.L. v. District Court, supra.*

■ Because a change in a child's placement, whether pursuant to § 19-10-107, C.R.S. (1986 Repl. Vol. 8B), to the court's periodic review, or to a motion of a party, does not affect legal custody of the child, modification of an order for out-of-home placement is interlocutory and not appealable. *See People In the Interest of D.H., supra; People In the Interest of K.L., supra.*

Accordingly, the appeal is dismissed.

SMITH and STERNBERG, JJ., concur.