883 P.2d 619 (1994)
The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of H.R., a Child,
and Concerning W.R. and A.R., Respondents-Appellants.
No. 93CA1902.
Colorado Court of Appeals, Div. IV.
September 22, 1994.
*620 Bruce T. Barker, County Atty., Jim L. Pope, Asst. County Atty., Greeley, for petitioner-appellee.
Stehlik & Kendall, John D. Stehlik, Greeley, for respondents-appellants.
Opinion by Judge HUME.
Mother, W.R., and father, A.R., appeal from an order of the trial court adopting a permanency plan for their child, H.R. We dismiss the appeal.
H.R. was adjudicated dependent and neglected in 1991. A treatment plan was adopted requiring counseling both for the child and the family. H.R. remained in the temporary custody of the department of social services and was provided foster care as a part of a 1991 dispositional order. In 1993, the court adopted a permanency plan pursuant to § 19-3-702, C.R.S. (1994 Cum.Supp.) that the parents here seek to challenge.
The People contend that the order adopting a permanency plan is not a final appealable order. We agree.
In determining whether the action of a court in juvenile proceedings is appealable, we must determine whether it is final. A final order or judgment, for purposes of appeal, is one that ends the particular action, leaving nothing further to be done to determine the rights of the involved parties completely. D.H. v. People, 192 Colo. 542, 561 P.2d 5 (1977).
Pre-dispositional orders are generally considered interlocutory rather than final for purposes of appeal. See People in Interest of E.A., 638 P.2d 278 (Colo.1982) (adjudication of dependency and neglect not final prior to entry of dispositional order); D.H. v. People, supra (a waiver and transfer of juvenile jurisdiction over a delinquency petition to district court is not final and appealable); People v. People in Interest of G.L.T., 177 Colo. 196, 493 P.2d 20 (1972) (adjudicatory order in delinquency not final prior to dispositional order).
Similarly, post-dispositional orders that do not terminate the right to parental custody are generally held not to be final and appealable. E.O. v. People, 854 P.2d 797 (Colo.1993) (post-dispositional order approving amended treatment plan that recommended a prospective change of physical placement of a child was interlocutory and not appealable); People in Interest of P.L.B., 743 P.2d 980 (Colo.App.1987) (order modifying child's out-of-home placement was interlocutory rather than final and appealable); People in Interest of K.L., 681 P.2d 535 (Colo.App.1984) (post-dispositional order continuing custody in department of social services and out-of-home placement was interlocutory and not appealable).
Section 19-3-702(1), C.R.S. (1994 Cum. Supp.) requires that a hearing on permanency planning be conducted to determine the future status of a child placed out of his or her home. Such hearing is to be held as soon as possible following the dispositional *621 hearing, but not later than eighteen months following the original out-of-home placement.
Section 19-3-702(3), C.R.S. (1994 Cum. Supp.) requires that, if the child is not to be returned to the home, the court must determine whether "there is substantial probability that the child will be returned to the physical custody of his parent, guardian, or legal custodian within six months." If the court so determines, it is required to set another permanency hearing within the next six-month period.
Section 19-3-702(4), C.R.S. (1994 Cum. Supp.) provides that, if the court determines there is not a substantial probability that the child will be returned home in six months, it must enter an order determining the future status or placement of the child which must include specific findings concerning the placement goal for the child, including the possible return of the child to his or her home, continuation of foster care for a specified period, continuation of foster care on a permanent or long-term basis, placement of the child for adoption or guardianship, or consideration for emancipation or independent living.
Sections 19-3-702(6) and 19-3-702(8), C.R.S. (1994 Cum.Supp.) contemplate further periodic reviews either by the court or by the state department of human services (formerly the state department of social services, see § 24-1-120, C.R.S. (1994 Cum.Supp.)) at six-month intervals to determine the continuing necessity and appropriateness of the placement and the effectiveness of the permanency plan.
Here, the court made findings that continued out-of-home placement was necessary and that there was not a substantial possibility that H.R. could return home within six months. The plan adopted by the court was to continue family therapy with a view to resolving the family dysfunction and, until the problem was resolved, H.R. was to remain in the temporary custody of the department of social services and be provided continuing out-of-home placement. The matter was scheduled for a review hearing within six months after the initial permanency hearing.
In our view, the permanency plan adopted here did not constitute a final and appealable order because it did not effectuate any change in permanent custody or guardianship or terminate parental rights. Both the treatment plan and the temporary custodial and placement orders were continued for a specified period, to be further reviewed by the court. The order did not dispose of all of the issues among the parties, but expressly contemplated further court proceedings toward their resolution. See D.H. v. People, supra; People in Interest of K.L., supra.
We are aware that, on at least one occasion, a division of this court has entertained an appeal from a permanency planning order. See People in Interest of D.C., 851 P.2d 291 (Colo.App.1993). However, that case involved a permanent custody order and the finality issue was neither raised nor addressed on appeal. Hence, we do not view that decision to be either authoritative precedent or factually persuasive on the jurisdictional issue presented here.
Since we have concluded that the permanency order adopted here was interlocutory in nature, we are without jurisdiction to entertain the appeal under C.A.R. 1(a)(1).
Accordingly, the appeal is dismissed.
DAVIDSON and PIERCE,[*] JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1993 Cum.Supp.).