The PEOPLE of the State of Colorado, In the Interest of S.M.O. a child, and Concerning P.L.W., Petitioner–Appellee,

and

C.V.O., Respondent–Appellant.

No. 96CA0563.

Colorado Court of Appeals,
Div. A.

Dec. 27, 1996.

Kirk Brush, Fort Collins, for Petitioner–Appellee.

Thomas C. Ridgely, Fort Collins, for Respondent–Appellant.

Opinion by Judge CRISWELL.

This is a stepparent adoption proceeding in which the trial court, preliminarily to the consideration of the other issues presented, determined that S.M.O., the child, was available for adoption under § 19–5–203(1)(d)(II), C.R.S. (1996 Cum.Supp.) because C.V.O., the child's natural father, had failed, without reasonable cause, to provide reasonable support to the child for a period of one year or more. The court then entered a decree purporting to terminate the parent-child relationship between the child and her father and staying other proceedings with respect to the adoption action, pending completion of any appeal proceedings with respect to that termination order. The father appeals from that order.

This court issued an order to show cause why the appeal should not be dismissed because a final decree of adoption has not been entered. Having considered the response to that order, we now dismiss the appeal, without prejudice, for lack of jurisdiction.

This court has jurisdiction over final judgments of the district courts. Section 13-4-102(1), C.R.S. (1987 Repl.Vol. 6A). A final judgment is one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding. *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

A final decree of adoption is to be entered only if the court is satisfied that the child is available for adoption; that the person adopting is of good moral character and has the ability to support and educate the child; that the petitioner's home is suitable for the child; that the mental and physical condition of the child renders the child a proper subject for adoption in the petitioner's home; and that the best interests of the child will be served by the adoption. Section 19-5-210(2), C.R.S. (1996 Cum.Supp.).

The availability of a child for adoption in a stepparent adoption is governed by § 19-5-203(1)(d)(II). That provision states:

> Written and verified consent of the parent in a stepparent adoption where the other parent has abandoned the child for a period of one year or more or where he has failed without cause to provide reasonable support for such child for a period of one year or more. Upon filing of the petition in adoption, the court shall issue a notice directed to the other parent, which notice shall state the nature of the relief sought, the names of the petitioner and the child, and the time and place set for hearing on the petition.... The hearing shall not be held sooner than thirty days after service of the notice is complete, and, at such time, the court may enter a final decree of adoption notwithstanding the time limitation in section 19-5-210(2).

It is, then, only the final decree of adoption that divests the natural parents of all legal rights and obligations with respect to the child. Section 19-5-211, C.R.S. (1996 Cum. Supp.).

There is nothing in this statutory scheme that contemplates an appeal of the interlocutory determination that the child is available for adoption. Although the trial court did enter an order that purported to terminate the father's parental rights, the statutory scheme for adoption does not contemplate such an order. Rather, a stepparent adoption proceeding, like all other adoption proceedings, is concluded by a final decree of adoption. *See E.R.S. v. O.D.A.,* 779 P.2d 844 (Colo.1989) (reviewing availability for adoption after stepparent adoption was granted). It is only when the final decree is entered that a natural parent is divested of all rights and obligations with respect to the child.

Accordingly, because the trial court order here determined only that the child is available for adoption, we conclude that no final decree has been entered from which an appeal may be taken.

The appeal is dismissed, without prejudice, for lack of jurisdiction.

RULAND and TAUBMAN, JJ., concur.