The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 9, 2019

## 2019COA72

**No. 18CA1628, *People in the Interest of H.T.* — Juvenile Court
— Dependency and Neglect; Appeals — Final Appealable Order**

During the dispositional phase of a child dependency and
neglect proceeding, a juvenile court addresses dispositional
alternatives and adopts a treatment plan in an initial dispositional
order. A division of the court of appeals considers whether such a
dispositional order is final and appealable under section 19-1-
109(2)(c), C.R.S. 2018. The division concludes that a dispositional
order, by itself, is not final and appealable.

Court of Appeals No. 18CA1628
Larimer County District Court No. 17JV42
Honorable Stephen J. Jouard, Judge

The People of the State of Colorado,

Petitioner-Appellant,

In the Interest of H.T., a Child,

and Concerning G.M.,

Respondent-Appellee.

APPEAL DISMISSED

Division V
Opinion by JUDGE GROVE
Terry and J. Jones, JJ., concur

Announced May 9, 2019

Jeannine S. Haag, City Attorney, Arthur J. Spicciati, Assistant City Attorney, Fort Collins, Colorado, for Petitioner-Appellant

Josi McCauley, Guardian Ad Litem

Chelsea Carr, Office of Respondent Parents' Counsel, Longmont, Colorado, for Respondent-Appellee

¶ 1    In this dependency and neglect proceeding, the Larimer County Department of Human Services appeals the juvenile court's dispositional order directing the Department to pay for father's offense specific treatment.  Because we conclude that initial dispositional orders, by themselves, are not final and appealable, we dismiss the appeal.

## I.  Background

¶ 2    In February 2017, the Larimer County Department of Human Services filed a petition in dependency or neglect after the eight-year-old child, H.T., acted out sexually with her sister and alleged sexual abuse by her father during a forensic interview.

¶ 3    On March 20, 2017, father, G.M., received a copy of the proposed treatment plan.  The plan required father to complete an offense specific evaluation and comply with its recommendations.  Although the child had yet to be adjudicated dependent or neglected, father submitted a "position statement" requesting the court to order the Department to pay for the evaluation and treatment.  The Department responded that it lacked the money to pay for the evaluation and treatment and "its policy is to not pay for such evaluations and recommendations."

1

¶ 4     In July 2017, father stipulated to a deferred adjudication. The stipulation stated that "the parties agree and consent that the Court shall hold a hearing regarding financial responsibility for the costs" of treatment.

¶ 5     A month after father stipulated to the deferred adjudication, the Department filed what appears to be a modified treatment plan incorporating recommendations from an offense specific evaluation. Father again filed a motion requesting, in relevant part, that the Department bear the costs for the recommended treatment. The Department again responded that it was unable to pay for the treatment "per Department policy."

¶ 6     Five months later, the court heard evidence about father's need for offense specific treatment and inability to pay for it. After the hearing, the Department requested an additional week "to file a written statement regarding the County's position on payment for funds." The Department then filed a statement that it did not have funding to pay for father's offense specific therapy, that it provided father with rent money to offset the cost of the initial offense specific evaluation, that it could not be reimbursed by the state for

2

offense specific treatment, and that no statutory authority existed for the court to order the Department to pay for a certain service.

¶ 7 The court found that father was financially unable to pay for the treatment and ordered the Department to "either pay for the appropriate treatment or modify or eliminate the requirements from the treatment plan so that [father] has a reasonable opportunity to comply with the treatment plan and progress forward." The next day, father agreed to the entry of a formal adjudication.

¶ 8 The court then entered a dispositional order that father's initial treatment plan dated March 20, 2017 — not the amended treatment plan — was approved and adopted as an order of the court. The Department acknowledged the court's order that it pay for treatment but maintained its objection.

¶ 9 The Department filed a notice of appeal of the juvenile court's order directing it to pay for treatment. We issued an order to show cause why the appeal should not be dismissed for lack of a final, appealable order, noting that it did not appear to "end[] the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *People in Interest*

3

*of S.M.O.*, 931 P.2d 572, 573 (Colo. App. 1996). In response, the Department stated that the order was appealable and final because it was part of the initial dispositional order and determined the rights of the Department. Father's response argued that the order to pay was not a dispositional order, and, in the alternative, that Colorado law does not permit an appeal from the dispositional order itself. The guardian ad litem argued that the order was interlocutory and not a final order. Based on the parties' responses, a motions division of this court allowed the Department's appeal to proceed and for the issue of finality to be considered on the merits. We now consider the Department's arguments and conclude that the dispositional order itself is not a final, appealable order. Therefore, we need not address whether an order to pay for treatment is part of a dispositional order.

¶ 10    Accordingly, we dismiss the Department's appeal.

## II. An Initial Dispositional Order, By Itself, Is Not a Final and Appealable Order

¶ 11    The Department contends that the initial dispositional order is final and appealable under section 19-1-109(2)(c), C.R.S. 2018. We disagree.

## A. Standard of Review

¶ 12     When construing a statute, a court must give effect to the intent of the General Assembly and adopt the construction that best effectuates the purpose of the statutory scheme. *People in Interest of A.E.*, 994 P.2d 465, 466 (Colo. App. 1999). To determine intent, a court should look first to the language of the statute and give words their plain and ordinary meanings. *People in Interest of G.W.R.*, 943 P.2d 466, 468 (Colo. App. 1997). Words or phrases should not be added to a statute or rule, and the inclusion of certain terms in a statute or rule implies the exclusion of others. *See People in Interest of J.J.M.*, 2013 COA 159, ¶ 7. In interpreting a statute, we must also presume that the General Assembly intended a just and reasonable result, and we must seek to avoid interpretations leading to absurd results. *People in Interest of J.L.R.*, 895 P.2d 1151, 1154 (Colo. App. 1995).

¶ 13     We review questions of statutory construction de novo. *Smith v. Colo. Motor Vehicle Dealer Bd.*, 200 P.3d 1115, 1116 (Colo. App. 2008).

## B. The Adjudication and Disposition

¶ 14 The Children's Code provides for a bifurcated proceeding in dependency and neglect actions. *E.O. v. People in Interest of C.O.A.*, 854 P.2d 797, 800 (Colo. 1993). In the first phase, after a petition in dependency or neglect is filed, the court determines if there are grounds to adjudicate the child dependent or neglected. If a parent contests the allegations in the petition, then he or she can request a bench or jury trial where the Department must prove the allegations by a preponderance of the evidence. §§ 19-3-202, -505, C.R.S. 2018; *People in Interest of A.M.D.*, 648 P.2d 625, 641 (Colo. 1982). If the Department fails to carry its burden, then the juvenile court "shall order the petition dismissed," vacate all orders regarding the child, and relinquish its jurisdiction. § 19-3-505(6). But, if the Department proves the allegations by a preponderance of the evidence, the court will sustain the petition and adjudicate the child dependent or neglected. § 19-3-505(7).

¶ 15 If the court sustains the petition, the second phase — the dispositional phase — addresses dispositional alternatives and adopts a treatment plan. § 19-3-507, C.R.S. 2018; *see People in Interest of C.L.S.*, 934 P.2d 851, 853 (Colo. App. 1996). The goal of

the dispositional hearing is to determine the proper dispositional order serving the interests of the child and the public. § 19-1-103(43), C.R.S. 2018; § 19-3-507(1)(a). Specifically, the court determines the child's legal custody, decides whether a treatment plan can be devised to address the issues that led to the Department's involvement, and, if so, approves an appropriate treatment plan. Before the dispositional hearing, the Department must provide the court and the parties a statement about the services offered to the family to prevent unnecessary out-of-home placement and to facilitate reunification. § 19-3-507(1)(b). The treatment plan is designed to correct the problems that led the court to adjudicate the child dependent and neglected with the goal of reunifying the family and discharging the government's intervention into the family. *E.O.*, 854 P.2d at 799.

## C. Adjudicatory Appeals

¶ 16 Colorado Appellate Rule 3.4(a), which governs appeals in dependency and neglect cases, provides that a party may appeal orders from dependency or neglect proceedings as permitted by section 19-1-109. As relevant here, section 19-1-109(2)(c) provides that "[a]n order decreeing a child to be neglected or dependent shall

be a final and appealable order after the entry of the disposition pursuant to section 19-3-508," C.R.S. 2018.

¶ 17    Before the enactment of 19-1-109(2)(c), case law governed when an adjudication was final for appeal. "The adjudication of a child as dependent or neglected, with the dispositional hearing continued to a future date, does not become a final judgment until a decree of disposition is entered." *E.O.*, 854 P.2d at 800; *see also People in Interest of F.M.*, 44 Colo. App. 142, 144, 609 P.2d 1123, 1124 (1980) ("The adjudication of a child as dependent and neglected, in the absence of some sort of dispositional order is not a final order.").

¶ 18    So, we ask, what constitutes a decree of disposition? In *People in Interest of B.M.*, 738 P.2d 45, 46 (Colo. App. 1987), a division of this court stated that "[t]he approval of a treatment plan which addresses the placement of a minor child following an adjudication of dependency and neglect constitutes a disposition . . . ." Other cases have similarly held that a "decree of disposition" is the initial dispositional order adopting a treatment plan. *E.O.*, 854 P.2d at 800; *C.L.S.*, 934 P.2d at 854.

8

## D. *C.L.S.* and Section 19-1-109(2)(c)

¶ 19    What was considered appealable after an adjudication expanded with the decision in *People in Interest of C.L.S.* in 1996. There, the supreme court held that "following an adjudication of dependency and neglect, the initial dispositional order adopting a treatment plan constitutes a 'decree of disposition' and renders the adjudication *and the initial dispositional order* final for purposes of appeal." *C.L.S.*, 934 P.2d at 854 (emphasis added).  The court reasoned:

> If we were to conclude that no appeal lies upon the entry of the initial dispositional order, the result would be that a child could be adjudicated dependent and neglected, removed from the parent, and placed outside the family home for many months if not years with neither the parent nor the child having a right to appeal.  No later correction of an improper adjudication or dispositional order could undo the harm caused by the unjust disruption of the parent-child relationship.

*Id.*

¶ 20    Section 19-1-109(2) was amended shortly after the *C.L.S.* decision.  *See* Ch. 254, sec. 7, § 19-1-109(2), 1997 Colo. Sess. Laws 1433 (adding subsections (2)(b) and (2)(c) to section 19-1-109). Prior to the amendment, section 19-1-109(2) simply stated that

"[t]he people of the state of Colorado shall have the same right to appeal questions of law in delinquency cases as exists in criminal cases." § 19-1-109(2), C.R.S. 1996. It did not address termination judgments or adjudications.

¶ 21    The amended statute now reads:

> An order decreeing a child to be neglected or dependent shall be a final and appealable order after the entry of the disposition pursuant to section 19-3-508. Any appeal shall not affect the jurisdiction of the trial court to enter such further dispositional orders as the court believes to be in the best interests of the child.

§ 19-1-109(2)(c), C.R.S. 2018.

¶ 22    We construe this statute to provide that adjudicatory orders are final and appealable but dispositional orders, by themselves, are not. We reach this conclusion for several reasons.

¶ 23    First, the plain language of the statute establishes that only the order "decreeing a child to be neglected or dependent" is final and appealable. *Id.* As the Colorado Supreme Court recently held, section 19-1-109(2)(c) creates a narrow exception to the general rule of finality "by authorizing the appeal of certain orders from dependency or neglect proceedings that would not otherwise be

10

considered 'final.'" *People in Interest of R.S.*, 2018 CO 31, ¶ 20. Because section 19-1-109(2)(c) does not identify treatment plan orders or any other dispositional orders entered pursuant to section 19-3-508 as final orders for the purposes of appeal, those types of orders are outside the scope of the statutory exception.

¶ 24    Second, unlike adjudicatory judgments, dispositional orders placing a child outside of the home pursuant to section 19-3-508 are temporary and subject to periodic review by the juvenile court. *People in Interest of K.A.*, 155 P.3d 558, 561 (Colo. App. 2006); *People in Interest of C.M.*, 116 P.3d 1278, 1281 (Colo. App. 2005). Likewise, treatment plans adopted at the dispositional stage are interlocutory and can be changed after periodic review by the court or by motion of a party.

¶ 25    Third, given the emphasis on prompt conclusions of dependency and neglect cases, *see, e.g.*, §§ 19-1-102(1.6), 19-1-123, 19-3-703, C.R.S. 2018, allowing dispositional orders to be appealable as a matter of right seems contrary to the General

Assembly's intent.[1]  Allowing such appeals would interject lengthy delays in the proceedings if a parent, the Department, a guardian ad litem, or another named party disagreed with the dispositional order.  And, given the fluid nature of dependency and neglect cases, the circumstances surrounding the order being appealed may be drastically different — if not moot — by the time the merits of the appeal are addressed.

¶ 26    We note that our holding is not in conflict with *C.L.S.*  We agree that a party has a right to appeal *both* the adjudicatory order and the initial dispositional order.  This is because how the merits are reached on an adjudicatory order will also affect the merits of the dispositional order.  Our holding simply clarifies that an initial dispositional order, by itself, is not a final, appealable order.

¶ 27    For all of these reasons, we dismiss the appeal.

### III.  Conclusion

¶ 28    The appeal is dismissed.

JUDGE TERRY and JUDGE J. JONES concur.

---

[1] We note that in extraordinary circumstances, a party that is seriously aggrieved by a dispositional order may still ask the Colorado Supreme Court to review it under C.A.R. 21.