25CA0730 Peo in Interest of AA 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0730
Larimer County District Court No. 24JV30149
Honorable Laurie K. Dean, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.A. and C.A., Children-Appellants,

and Concerning S.A.,

Appellant.

---

APPEALS DISMISSED

Division II
Opinion by JUDGE HAWTHORNE*
Fox and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

William G. Ressue, County Attorney, Nicole J. Liley, Assistant County Attorney, Fort Collins, Colorado, for Appellee

Jenna L. Mazzucca, Counsel for Youth, Salida, Colorado for A.A. and C.A.

Genevieve Manco, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1      S.A. (mother) appeals a magistrate's judgment adjudicating A.A. and C.A. (the children) dependent and neglected and the juvenile court's dispositional order approving a treatment plan for her.  The children, through their Counsel for Youth, also appeal the adjudication judgment.  For the reasons explained below, we dismiss mother's and the children's appeals.

## I.      Background

¶ 2      In November 2024, the Larimer County Department of Human Services filed a neglected or dependent children petition, alleging, among other things, that the children were homeless and mother was using illicit substances.  Mother denied the petition's allegations and requested a bench trial before a magistrate.

¶ 3      In February 2025, the magistrate held an adjudicatory hearing and adjudicated the children dependent and neglected.  Mother requested that a juvenile court judge preside over the dispositional hearing.

¶ 4      The juvenile court held the dispositional hearing in April 2025.  After hearing the evidence, the court entered a written dispositional order adopting a treatment plan for mother.

## II.    Adjudication Judgment

¶ 5      Because mother and the children directly appealed the magistrate's adjudication judgment to this court, without first seeking review in the juvenile court, we lack jurisdiction and dismiss the adjudication appeals.

¶ 6      In a dependency or neglect case heard by a magistrate, the parties are bound by the magistrate's findings and recommendations, subject to a request for juvenile court review. § 19-1-108(3)(a.5), C.R.S. 2025; *see also People in Interest of L.B-H-P.*, 2021 COA 5, ¶ 9.  A request for such review must be filed within seven days for Article 3 dependency and neglect proceedings after the parties receive notice of the magistrate's ruling. § 19-1-108(5.5).  "A petition for review is a prerequisite before an appeal may be filed with" the court of appeals.  *Id.*  If a party appeals a magistrate's judgment to the court of appeals without first filing a petition for review, this court lacks jurisdiction to review the magistrate's judgment and must dismiss the appeal.  *See In re Parental Responsibilities Concerning J.H.*, 2021 COA 94, ¶ 14 (dismissing an appeal of a parentage adjudication because the

appealing party did not file a petition for review with the district court).

¶ 7 On appeal, neither mother nor the children acknowledge that a magistrate entered the adjudication judgment. But the record shows that a magistrate presided over the adjudication hearing and entered a written ruling adjudicating the children dependent and neglected. Notably, the magistrate's written ruling specifically provided notice to the parties that, because the judgment had been entered by a magistrate, they had seven days to file a petition for review under section 19-1-108(5.5). Yet, neither mother nor the children petitioned the juvenile court for review. Nor do they provide any basis on appeal as to why we can consider their appeals absent a petition for review. *See J.H.*, ¶ 15 (rejecting the parent's assertion that the "unique circumstances exception" should apply to allow the court of appeals to consider the parent's appeal).

¶ 8 We therefore dismiss mother's and the children's appeals of the adjudication judgment because we lack jurisdiction to consider them.

### III. Dispositional Order

¶ 9 Mother also challenges the juvenile court's order adopting a treatment plan for her. As explained below, because an initial dispositional order, by itself, is not a final and appealable order, we also dismiss mother's appeal of the dispositional order.

¶ 10 Section 19-1-109(2)(c), C.R.S. 2025, states that "[a]n order decreeing a child to be neglected or dependent shall be a final and appealable order after the entry of the disposition pursuant to section 19-3-508[, C.R.S. 2025]." In *People in Interest of H.T.*, 2019 COA 72, ¶ 22, a division of this court construed the language in section 19-1-109(2)(c) to "provide that adjudicatory orders are final and appealable but dispositional orders, by themselves, are not." And in *People in Interest of M.W.*, 2022 COA 72, ¶ 27, another division clarified that, although dispositional orders by themselves are not appealable, a party may "appeal the content of the initial dispositional order, including provisions of the treatment plan, simultaneously with an appeal of an adjudicatory order."

¶ 11 Applying these authorities, we conclude that mother cannot appeal the dispositional order because she has not properly appealed the adjudication judgment. Although she attempted to

appeal the dispositional order simultaneously with the adjudication judgment, mother did not file a petition for review under section 19-1-108 (3)(a.5).  So we lack jurisdiction to consider the adjudication judgment appeal and must dismiss it.  And without the adjudication appeal, mother cannot appeal the initial dispositional order.  *See H.T.,* ¶ 22; *cf. M.W.,* ¶ 30 (considering the parent's appeal of "the initial dispositional order — including the contents of [his] treatment plan" — because the parent simultaneously appealed both the adjudication judgment and the initial dispositional order).

¶ 12    We must therefore dismiss mother's appeal of the dispositional order.  *See H.T.,* ¶ 28.

## IV.    Disposition

¶ 13    The appeals are dismissed.

JUDGE FOX and JUDGE MEIRINK concur.