578 P.2d 1067 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Ruben RAEL, Defendant-Appellant.
No. 76-723.
Colorado Court of Appeals, Division III.
February 9, 1978.
Rehearing Denied March 2, 1978.
Certiorari Denied May 15, 1978.
*1068 J. D. MacFarlane, Colorado State Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Sharon S. Metcalf, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.
KELLY, Judge.
The defendant, Ruben Rael, appeals his conviction for second-degree burglary contending that juror misconduct requires that he be granted a new trial; that a transcript of testimony from his preliminary hearing was improperly admitted; and that the evidence is insufficient to sustain the conviction. We agree that juror misconduct requires a new trial.
During voir dire, the court inquired whether any of the prospective jurors had ever participated in a criminal case as a defendant. There was no affirmative response to this routine question. After the trial, defense counsel was informed that the foreman of the jury had been incarcerated at the state reformatory after pleading guilty to a charge of burglary. The juror submitted affidavits admitting the conviction, but denying that it had affected his deliberation in any manner.
The People do not contend, and there is no evidence, that either the defendant or his attorney knew of the juror's conviction until after the trial had ended. Rather, the People characterize the juror's failure to answer the questions candidly as a "reasonable misunderstanding" and argue that, in any event, the defendant is not entitled to a new trial for the reason that he has failed to demonstrate that he was prejudiced. The principal argument made by Rael for reversal is that the juror's answer denied him the use of a peremptory challenge thereby depriving him of a fair trial.
The juror's nondisclosure of his burglary conviction (coincidentally the very crime with which the defendant was charged), whether or not the result of a misunderstanding, was nonetheless misconduct.
"A juror who misrepresents or conceals material and relevant matters is guilty of misconduct, and it may be prejudicial to either or both parties because it impairs the right to challenge for cause or peremptorily." State v. Simmons, 59 Wash.2d 381, 368 P.2d 378 (1962).
See State v. Lauth, 46 Or. 342, 80 P. 660 (1905). Cf. Harris v. People, 113 Colo. 511, 160 P.2d 372 (1945). See also 3 C. Torcia, Wharton's Criminal Procedure § 471 (12th ed. 1975).
An accused has the right to exercise all of his peremptory challenges, People v. Haines, Colo.App., 549 P.2d 786 (1976), and when a juror fails to disclose, after inquiry, the fact that he has been convicted of a crime, the defendant is denied the right to exercise his peremptory challenge as to that juror. Under such circumstances, prejudice is presumed. See State v. Lauth, supra; Wharton's Criminal Procedure, supra. Accordingly Rael's motion for new trial should have been granted. See Beeman v. People, Colo., 565 P.2d 1340 (1977).
The admission of an alleged accomplice's testimony which was given at Rael's preliminary hearing did not violate the rules against hearsay, nor was it constitutionally offensive. See California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); People v. Flores, Colo.App., 575 P.2d 11 (1977); People v. Fink, Colo.App., 552 P.2d 529 (1976), rev'd on other grounds, Colo., 574 P.2d 81 (1978). Contrary to Rael's contention, defense counsel was afforded an adequate opportunity at the preliminary hearing to cross-examine the confessed participant on the plea bargain he had made with the district attorney. See People v. Flores, supra; People v. Fink, supra. The cross-examination was not restricted by the trial court nor was it inadequate.
The defendant finally contends the evidence was insufficient to establish an essential element of burglary, to-wit, that his entry was unauthorized. See People v. Diaz, 182 Colo. 369, 513 P.2d 444 (1973). If this argument had merit, the defendant would be entitled to a discharge rather than *1069 to a new trial. See e. g. Krutka v. Spinuzzi, 153 Colo. 115, 384 P.2d 928 (1963). However, the record does not support the defendant's position. Although the owner of the burglarized premises was not asked whether Rael's entry was authorized, the lack of consent may be proved by circumstantial evidence. See Goddard v. People, 172 Colo. 498, 474 P.2d 210 (1970); White v. People, 172 Colo. 271, 472 P.2d 674 (1970). Here, the evidence that the entry was made in the early morning hours through a window protected by iron bars and boards, along with the evidence that a padlock was pried off a door inside the building, negates any inference that the entry was authorized.
The judgment is reversed and the cause remanded for a new trial.
VanCISE and STERNBERG, JJ., concur.