**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Andrew ESPINOZA, Defendant-Appellant.**

No. 82CA0468.

Colorado Court of Appeals, Div. III.

July 14, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Andrew Espinoza, appeals the judgments of the trial court entered upon jury verdicts finding him guilty of two counts of menacing (two victims), and one count each of first degree sexual assault, possession of dangerous drugs with intent to distribute, and crime of violence. He also appeals the two year sentence for crime of violence. We affirm in part and reverse in part.

The offenses of which defendant was convicted occurred on May 2, 1981, after two teen-age girls, attending a party in the mountains, accepted defendant's offer of a ride home.

I.

During voir dire, in response to a question as to whether she had ever been the victim of a crime, one juror did not recall, and therefore did not reveal, that at one time she had been the victim of an abduction at knife point. Espinoza contends that this failure by the juror denied him a fair trial. We disagree.

At an evidentiary hearing held on this issue, this juror testified that, toward the end of jury deliberations, she recalled an incident which had occurred to her during World War II when a soldier armed with a knife forced her to walk to the end of town with him so that he could go AWOL without arousing any suspicion on the part of the townpeople. She did not report the incident to military or civilian authorities. She further testified that she did not consider herself the victim of a crime either at the time of the incident or now and that the incident did not affect her vote as a juror.

Another juror testified that the first juror commented to him briefly about the incident about five minutes before the verdict was reached. He did not believe the rest of the jurors heard it. It occurred when most of the votes, including his, were in, and it

had no bearing whatsoever on the outcome of the case.

The court denied the motion, finding that the jurors' deliberations were not affected in any way by the recollection and that there was nothing to show that their deliberations were anything but fair.

Despite this testimony and a lack of showing of prejudice, Espinoza, relying on *People v. Borrelli,* 624 P.2d 900 (Colo.App. 1980), and *People v. Rael,* 40 Colo.App. 374, 578 P.2d 1067 (1978), argues that prejudice should conclusively be presumed.

The principle and rationale of these two cases, as stated in *People v. Dunoyair,* 660 P.2d 890 (Colo.1983), is:

"Where, for example, a juror deliberately misrepresents important biographical information relevant to a challenge for cause or a peremptory challenge or knowingly conceals a bias or hostility towards the defendant, a new trial might well be necessary.... In such instances the juror's deliberate misrepresentation or knowing concealment is itself evidence that the juror was incapable of rendering a fair and impartial verdict in the matter."

However, different from *Borrelli* and *Rael,* the juror's nondisclosure here was inadvertent. This is not presumptively prejudicial, nor by itself sufficient to warrant a new trial. *See Dunoyair, supra.* Accordingly, since the "defendant must establish that he was prejudiced by the misconduct in order to overthrow his conviction," *Alvarez v. People,* 653 P.2d 1127 (Colo.1982), and since the evidence showed that the later recollection had no effect on the jury's verdict, Espinoza is not entitled to reversal on this ground.

As stated by the trial court in making its ruling:

"If the court were to hold today that some fact not in the present recollection or reasonable present recollection of a person selected for jury duty but which later occurs to him is, per se, a basis for a new trial on the basis of inability to intelligently exercise a peremptory challenge or a challenge for cause, you have a circumstance where, under the present voir dire methods, almost every juror has something that he might well not remember until at some later time ...."

## II.

Espinoza next contends that the trial court, in its instructions, erroneously defined the culpable mental state "knowingly" with respect to conduct "when he is aware *or reasonably should be aware.*" The People concede that the inclusion of the phrase "reasonably should be aware" was error but maintain that the error was harmless in the context of this case. We agree.

*People v. Blair,* 195 Colo. 462, 579 P.2d 1133 (1978), is dispositive of this contention. In *Blair,* the identical phrase in the "knowingly" instruction was at issue. The *Blair* court concluded that, considering the instructions as a whole and in view of the overwhelming evidence that the assailant acted with full awareness, the error in the instruction was harmless beyond a reasonable doubt. The same rationale applies in the instant case.

## III.

We agree with Espinoza that the separate two year sentence imposed for the crime of violence was improper and must be vacated. The violent crime statute, § 16–11–309, C.R.S.1973 (1978 Repl.Vol. 8), defines sentencing standards; "it does not create a separate substantive offense. The application of the statute is triggered only after a defendant has been found guilty of the substantive crime, and the special findings relate only to the sentencing for the substantive offense." *Brown v. District Court,* 194 Colo. 45, 569 P.2d 1390 (1977).

Espinoza was sentenced to eight years for first-degree sexual assault. This was in excess of the four year minimum term prescribed for that offense, § 18–1–105(1)(a), C.R.S.1973 (1980 Cum.Supp.), and, therefore, no more severe penalty is authorized for its being a "violent crime" under the statute as applicable here, § 16–11–309(1), C.R.S.1973 (1980 Cum.Supp.).

## IV.

In view of III above, Espinoza's other contentions pertaining to his "conviction" of crime of violence are moot. Also, his claim of error with regard to the charge of attempted murder is factually incorrect and, therefore, without merit.

The judgment of conviction of the substantive crimes is affirmed. The two year sentence for violent crime is vacated. The cause is remanded to the trial court for appropriate amendments to the judgment of conviction, sentence, and mittimus.

KELLY and STERNBERG, JJ., concur.