The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Kipling G. KEY, Defendant-Appellant.**

**No. 82CA0433.**

Colorado Court of Appeals, Div. I.

Jan. 12, 1984.

Rehearing Denied Feb. 9, 1984.

Certiorari Granted May 7, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Pub-

lic Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals his conviction for the first degree murder of James Shadday, based on an allegedly incorrect instruction of law as to the definition of "after deliberation." We affirm the judgment of conviction entered upon the jury's verdict.

Defendant and James Shadday were in the Army and living together in a barracks with two other men at Fort Carson. Shadday owned a large pickup truck, which truck defendant appeared to fancy.

Not having sufficient funds to purchase a truck like Shadday's in May 1981, defendant suggested to one of his roommates, Harold Johnson, on Wednesday, May 13, 1981, that he "could take Jimmy Shadday up in the mountains and shoot him," and that defendant then "could take the truck." On Friday, May 15, the defendant was seen driving Shadday's truck. Defendant explained his possession of the truck to several men by stating that Shadday had sold his truck to him just before Shadday went AWOL.

Later that Friday evening, the defendant told Johnson that, the previous night, he and Shadday had purchased a 12-pack of beer and had gone up to the mountains to do some target shooting. Defendant further confided that an argument and fist fight ensued, after which defendant shot Shadday in the head twice with his .22 caliber, double-barreled Derringer; reloaded; and shot Shadday twice more in the head. According to Johnson's testimony, defendant then said that, because Shadday was still making noises and "wouldn't die" even after four gunshot wounds, he "picked up a rock and mashed his (Shadday's) head in." When Shadday "still wouldn't die," defendant "took his truck and ran over his head." The record shows that even at this point defendant perceived that Shadday "still wouldn't die," whereupon defendant "got scared" and dragged him out in the woods.

An autopsy on the body of Shadday revealed "massive ... trauma to the head, with partial loss of the brain, tearing of the scalp, crushing of the skull and facial bones." There were also tire tracks on Shadday's skin and on the right side of his skull, matching the tread on the tires of Shadday's truck.

At defendant's trial, the trial court gave the jury two instructions regarding the element of "deliberation." Defendant's only argument on this appeal is that the trial court committed reversible error by giving the second of these two instructions. We disagree.

The trial court instructed the jury as follows regarding the element of "deliberation":

"INSTRUCTION NO. 14. The term "after deliberation" means not only intentionally but also that the decision to commit the act has been made after the exercise of reflection and judgment concerning the act. An act committed after deliberation is never one which has been committed in a hasty or impulsive manner.
INSTRUCTION NO. 15. The element of deliberation is established by proof of the formed designed [sic] to kill, and length of time is not a determinative factor. *The only time requirement for deliberation* within the meaning of the first degree murder statute *is an interval sufficient for one thought to follow another.*" (emphasis added)

The emphasized language in Instruction No. 15 had its origin in *Van Houton v. People,* 22 Colo. 53, 43 P. 137 (1895). However, in *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973), our Supreme Court rejected the *Van Houton* definition of "premeditation" as inconsistent with the intentions of the General Assembly in creating a meaningful distinction between first and second degree murder. In rejecting the *Van Houton* definition, the Supreme Court stated:

"[B]etween the forming of the intent to do the act and the act itself, an appreciable length of time must have elapsed to allow deliberation, reflection and judg-

ment.... A premeditated act ... is never one which has been committed in a hasty or impulsive manner. While ... the design to kill must precede the killing by an appreciable length of time, that [time] need not be long."

In considering the gravity of any error in the emphasized language of the second jury instruction on deliberation, we adhere to the standard of review set forth in *People v. Blair*, 195 Colo. 462, 579 P.2d 1133 (1978). In *Blair*, our Supreme Court held that, in order for error in instructions of law to be considered non-prejudicial, the reviewing court must be able to conclude that any such error "was harmless beyond a reasonable doubt."

Here, the "overwhelming" nature of the evidence demonstrating defendant's deliberation compels us to rule that the instructions given to the jury here do not constitute reversible error. *See People v. Jones,* 665 P.2d 127 (Colo.App.1982) (cert. granted on other grounds May 23, 1983); *see also People v. Espinoza,* 669 P.2d 142 (Colo. App.1983). Here, defendant had ample opportunity for "reflection and judgment," not only between the time of his Wednesday evening conversation with Johnson and the time of the Thursday murder, but also between the second and third shots while reloading his Derringer. Further, there was an "appreciable" length of time for deliberation in the interval, while Shadday lay moaning on the ground, between the time of defendant's last gunshot and the time when defendant commenced "mashing" Shadday's head with a rock; as well as during the period between defendant's brutal assault with the rock and his running over Shadday's head with the pickup truck.

Based upon these facts and upon the instructions construed as a whole, we hold that the error in including the outmoded language of Instruction No. 15 as part of the jury's instructions on the law of deliberation was "harmless beyond a reasonable doubt." *People v. Espinoza, supra.*

Judgment affirmed.

PIERCE and METZGER, JJ., concur.