**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**In the Interest of G.W.R., Juvenile–Appellant.**

No. 95CA1128.

Colorado Court of Appeals, Div. A.

March 20, 1997.

Rehearing Denied April 17, 1997.

Petition for Certiorari Denied Sept. 2, 1997.

Cross–Petition for Certiorari Granted Sept. 2, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Deputy Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

G.W.R., a juvenile, appeals from a judgment adjudicating him a delinquent after a jury found him guilty of committing acts that would constitute one count of sexual assault on a child. Among other contentions on appeal, G.W.R. argues that he was denied a speedy trial and that the trial court erred in admitting hearsay statements regarding similar offenses against other children. We affirm.

At trial, the prosecution presented testimony that the victim's father discovered G.W.R. molesting the father's six-year-old son. Also, the prosecutor introduced similar transaction testimony from five other witnesses. The first two testified that they had seen G.W.R. fondle two girls, one two and one three years old. Three other witnesses testified they had been told by a three-year-old girl, T.K., that G.W.R. "touched her" inappropriately.

As to the latter testimony, the trial court conducted an in-camera hearing as required by statute to determine the admissibility of T.K.'s hearsay statements, and ruled that the witnesses could testify to what T.K. told them. G.W.R. did not then object to this ruling, and the three witnesses testified to what the girl had told them. The adjudication here at issue followed.

## I. Speedy Trial

G.W.R. first contends that reversal is required because his right to a speedy trial was violated. Specifically, he argues that because he was detained without bail, the court was required to try him or release him within sixty days. Under the circumstances here, we disagree.

Sections 19–2–204 & 19–2–205, C.R.S. (1996 Cum.Supp.) of the Children's Code provide standards for the detention of juveniles, and these standards satisfy constitutional requirements of fundamental fairness. *People v. Juvenile Court,* 893 P.2d 81 (Colo.1995).

Section 19–2–205 specifically requires that a juvenile held without bail be tried within sixty days of the order denying him bail. However, § 19–2–502, C.R.S. (1996 Cum. Supp.), of the Children's Code provides that a juvenile's right to speedy trial is governed by § 18–1–405, C.R.S. (1986 Repl.Vol. 8B), which provides in relevant part:

If a trial date is offered by the court to a defendant who is represented by counsel and neither the defendant nor his counsel expressly objects to the offered date as being beyond the time within which such trial shall be had pursuant to this section, then the period within which the trial shall be had is extended until such trial date and may be extended further pursuant to any other applicable provisions of this section.

Here, there was no dispute that G.W.R. was detained for more than sixty days after his detention hearing, and before his trial began. However, G.W.R., through his counsel, affirmatively accepted a trial date beyond that sixty-day period. Therefore, we hold that G.W.R. waived his right to the speedy trial protections of § 19–2–205.

## II. Admissibility of Child Hearsay/Similar Acts Evidence

G.W.R. also argues that the trial court violated the provisions of § 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A), by allowing hearsay statements of a similar act in-

volving T.K., a child not the subject of this prosecution as to what that child stated in the presence of the witnesses. We agree with this contention.

The trial court interpreted the statutory hearsay exception provided in § 13–25–129, C.R.S. (1987 Repl.Vol. 6A) to allow the admission of these out-of-court statements of T.K. We do not agree with this interpretation of the statute. Instead, we hold that § 13–25–129 provides a hearsay exception only for testimony regarding statements from the child victim of, or a child witness to, the charged offense.

Under the original version of the statute, enacted in 1983, evidence of out-of-court statements made by a child were admissible in cases in which "*the* child is a victim of an unlawful sexual offense." Colo. Sess. Laws 1983, ch. 168, § 13–25–129 at 629 (emphasis added). The General Assembly amended the statute in 1985 and 1987. Colo. Sess. Laws 1985, ch. 164 at 714; Colo. Sess. Laws 1987, ch. 105 at 558. In its present form, following these amendments, § 13–25–129(1) now states: "An out-of-court statement made by a child . . . describing any act of sexual contact, intrusion, or penetration . . . is admissible in evidence in *any criminal, delinquency, or civil proceedings* in which *a* child is a victim of an unlawful sexual offense." (emphasis added)

The People argue that the amendments, changing "the" child to "a" child, in connection with "any . . . proceeding," reflect a legislative intent to expand the scope of the statute to include statements regarding acts other than the offense charged in a case. We do not agree.

■ In interpreting a statute, legislative intent is the polestar of statutory construction. *People v. Bowers*, 801 P.2d 511 (Colo. 1990). And, in determining that intent, we look first to the plain meaning of the statutory language. If that language is ambiguous, we may look to, among other aids: (a) the object sought to be attained; (b) the circumstances under which the statute was enacted; and (c) the legislative history, if any. *People v. McNeese*, 892 P.2d 304 (Colo.1995); § 2–4–203, C.R.S. (1980 Repl.Vol. 1B).

In our view, the language the General Assembly used in amending the statute is susceptible to different interpretations. Thus, we look to the legislative history to determine its intent.

■ A most basic resource for determining legislative intent is the discussion which takes place in hearings before House and Senate committees concerning the enactment of legislation. *See City of Aspen v. Meserole*, 803 P.2d 950 (Colo.1990); *O'Gorman v. Industrial Claim Appeals Office*, 826 P.2d 390 (Colo.App.1991), *rev'd on other grounds*, 839 P.2d 1149 (Colo.1992).

The hearings on these amendments reveal that the changes were intended to broaden the scope of the statute only to the extent that statements from witnesses to the charged offense would be admissible in such proceedings. The amendment was proposed primarily in response to a particular case in which a one-year-old was sexually assaulted and her four-year-old sister's statements could not be admitted under the previous version of the statute. But, there is nothing in the legislative history to indicate that the General Assembly intended the statute to apply to similar transaction evidence that is otherwise inadmissible. *See* Hearing on H.B. 1256 before the House Committee on the Judiciary, 56th General Assembly, 1st Regular Session (March 12, 1987).

We note further that the statute in question, being in derogation of common law, must be strictly construed. *People v. McClure*, 779 P.2d 864 (Colo.1989).

For these reasons, we conclude that, while the amendment did expand the scope of the hearsay exception to include witnesses to the charged offense, the statute does not authorize the admission of otherwise inadmissible hearsay statements of similar transactions. Therefore, it was error to allow the testimony.

■ We also agree with G.W.R. that the trial court erred in admitting the T.K. incident testimony without independent corroborative evidence. Nevertheless, the People argue that, because G.W.R. did not object to the hearsay testimony about the T.K. assault on any ground, we must review on the plain

error standard and that, under that standard, reversal is not mandated. We agree.

■ Plain error exists only if an appellate court can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt upon the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

Here, relying on § 13–25–129, the court allowed three witnesses to testify as to the details of an alleged sexual assault by G.W.R. against T.K. However, the jury had before it evidence of similar conduct by defendant involving two other children, and, most significantly, the evidence of guilt in this case was overwhelming. For these reasons, we can say with fair assurance that the outcome of the trial was unaffected by the improperly admitted hearsay evidence. *See Wilson v. People,* 743 P.2d 415 (Colo.1987); *People v. Lucero,* 724 P.2d 1374 (Colo.App.1986).

The other contentions of error are without merit.

The judgment is affirmed.

ERICKSON * and PIERCE *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).