**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Joseph A. ESPINOZA, Defendant–Appellant.**

**No. 97CA1506.**

Colorado Court of Appeals, Div. IV.

March 4, 1999.

As Modified on Denial of Rehearing May 13, 1999.

Certiorari Denied Nov. 29, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mignon H. Adolph, Special, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Joseph Espinoza, appeals the judgment of conviction entered on a jury verdict finding him guilty of conspiracy to commit first degree arson. We affirm.

Defendant purchased a restaurant in 1995, and it soon began losing money. In July 1995, defendant hired a convicted felon, who was then serving time in a community corrections facility, as the restaurant's head cook and kitchen manager.

On September 20, 1995, this employee waited until all other employees had left the restaurant and then intentionally burned the restaurant down. Thereafter, the employee was charged with several counts of arson and conspiracy to commit arson.

The employee eventually entered into a plea agreement in which he pled guilty to attempted first degree arson. He also impli-

cated defendant in the crimes and testified at defendant's trial as the prosecution's main witness.

Following the presentation of evidence at defendant's trial, the jury deliberated and returned a verdict convicting defendant of conspiracy to commit first degree arson. However, it could not agree on the first degree arson charge, and after attempting to facilitate a verdict from the deadlocked jury, the trial court accepted the verdict on the conspiracy charge and discharged the jury. Immediately after the trial court discharged the jury, the prosecution moved to dismiss the first degree arson charge and the court granted its motion.

Defendant now appeals his conviction for conspiracy to commit first degree arson.

## I.

Defendant first contends that, because there was insufficient evidence to prove lack of consent, the trial court erred in not dismissing the charge of conspiracy to commit first degree arson. We disagree.

■ Evidence is sufficient to support a jury verdict if, when it is viewed in the light most favorable to the prosecution, a jury could reasonably conclude that each material element of the offense was proved beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *People v. Bowman,* 738 P.2d 387 (Colo.App.1987).

To support a conviction for conspiracy to commit first degree arson under § 18–4–102(1), C.R.S.1998, the evidence must show that the accused acted knowingly and destroyed or damaged any building of another without the consent of the other person or entity. Property is that of "another" if anyone other than defendant has a possessory or proprietary interest therein. Section 18–4–102(3), C.R.S.1998. *See People ex rel. Van-Meveren v. District Court,* 619 P.2d 494 (Colo.1980)(defendant lawfully prosecuted under § 18–4–102(1) for burning the building of another where credit union had proprietary interest in motor home).

■ Lack of consent may be proven by circumstantial evidence. *People v. Rael,* 40 Colo.App. 374, 578 P.2d 1067 (1978) (although owner of burglarized premises was not asked whether defendant's entry was authorized, lack of consent could be proved by circumstantial evidence).

Here, the parties stipulated that, at the time of trial, the prior owner had a proprietary interest in the building and was still owed $30,000 by defendant. Hence, the building was the property of "another" within the meaning of the statute.

Defendant maintains, however, that because the prosecution failed to present evidence that the previous owner did not consent to the fire, the evidence was insufficient to support a conviction for conspiracy to commit first degree arson. We are not persuaded.

■ Contrary to defendant's contention, the jury could have inferred lack of consent from the fact that defendant owed the large sum of money to the previous owner and defendant was still making payments to him. It was unnecessary for the prosecution to show that the previous owner affirmatively did not consent. *See People v. Rael, supra.*

Accordingly, we conclude the trial court did not err in denying defendant's motion to dismiss the conspiracy charge based on insufficient evidence of consent.

## II.

Defendant next contends that § 18–2–206(2), C.R.S.1998, precludes his conspiracy conviction because the jury deadlocked on the charge of first degree arson, which was the object of the conspiracy, and because the court dismissed the first degree arson charge on motion of the prosecution. According to defendant, either of those actions was tantamount to an acquittal on the first degree arson charge. We disagree.

Section 18–2–206(2) states that:

[A] person may not be convicted of conspiracy to commit an offense *if he is acquitted of the offense which is the object of the conspiracy* where the sole evidence of conspiracy is the evidence establishing the commission of the offense which is the object of the conspiracy. (emphasis added)

*See Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966). *See also People v. Frye,* 898 P.2d 559 (Colo.1995).

An acquittal is a determination by the trier of fact that the prosecution failed to prove the defendant's guilt beyond a reasonable doubt, or a determination that there was insufficient evidence to warrant a conviction. 14 R. Dieter, *Colorado Practice* 240 (1996). *See also* § 18–1–301(1)(a), C.R.S.1998 (defining acquittal for purposes of double jeopardy statute as a prosecution which resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction).

▮ When a defendant is acquitted of a charged offense, a second prosecution for the same charge based upon the same facts is barred by the prohibition against double jeopardy. Section 18–1–301(1)(a), C.R.S. 1998. In contrast, where a criminal trial is properly terminated because the jury was deadlocked and could not agree on a verdict, re-prosecution of the accused is not barred by double jeopardy. *Ortiz v. District Court,* 626 P.2d 642 (Colo.1981); *People v. Cisneros,* 665 P.2d 145 (Colo.App.1983). *See People v. Schwartz,* 678 P.2d 1000 (Colo.1984) (mistrial declared where jury unable to reach verdict; prohibition against double jeopardy did not bar retrial).

▮ Here, after the jury became deadlocked on the first degree arson charge and the trial court's efforts to facilitate a verdict failed, the court accepted the unanimous verdict on the conspiracy charge and discharged the jury. The jury did not return a not guilty verdict.

Accordingly, we reject defendant's contention that he was acquitted of the first degree arson that was the object of the conspiracy. *See* § 18–1–405(6)(e), C.R.S. (1998); Crim. P. 48(b)(6)(V).

We also find no support for defendant's assertion that the prosecution's dismissal of the first degree arson charge, after the court accepted the jury's guilty verdict on the conspiracy charge, was tantamount to an acquittal. It was not "a determination that there was insufficient evidence to warrant a conviction" under § 18–1–301(1)(a), C.R.S.1998.

Nor was the prosecution barred from refiling the dismissed charge and proceeding to trial a second time, if speedy trial considerations otherwise permitted.

We acknowledge that if defendant were to be recharged and retried for the first degree arson, and were to be acquitted on that charge based solely upon the evidence used to convict him of the conspiracy, it could be argued that he would have a basis for mounting a collateral attack on his conspiracy conviction. *See Robles v. People, supra.* However, given the prosecution's dismissal of the first degree arson charge and the present state of the record, we will not speculate whether the "sole evidence" requirement of § 18–2–206(2) was met in the first trial.

We therefore conclude that defendant was not acquitted, and on that basis, we reject his contention that § 18–2–206(2) precludes his conviction for conspiracy to commit first degree arson.

### III.

Defendant next contends the trial court erred in admitting prior out-of-court written statements made by a prosecution witness. We disagree.

On direct examination, the witness, who was defendant's employee at the restaurant, testified that he first talked with police on September 20, 1995, the night of the fire. On that evening, he had denied intentionally setting the fire, suggesting to police that the fire might have been accidentally caused by faulty wiring or by ashes in the ashtrays that he had emptied into a trash can on the night of the fire.

The witness further testified that police officers had questioned him again on October 3, 1995. After they had expressed skepticism about his earlier explanation about the origin of the fire, the witness then admitted intentionally lighting the fire. At that time, he also implicated defendant in a written statement, saying that he had been induced to do it by defendant. On October 31, 1995, the witness gave police a second written statement outlining defendant's involvement in the fire in more detail.

On cross-examination, defense counsel thoroughly examined the witness about the witness' initial statement to the police that defendant had *not* been involved. Defense counsel also inquired at length about the witness' first written statement to police on October 3, in which he implicated defendant only after officers had asked him whether he wanted to "take the fall" for defendant and about his second written statement on October 31, when he detailed defendant's involvement in the fire.

On re-direct examination, the prosecution offered the witness' second written statement into evidence. Defendant's counsel objected on the grounds that "he has already testified to what is in the contents of the statement," and the following colloquy occurred:

> Prosecutor: [W]hen [defense counsel] has cross-examined him with regard to the statement, I think the result indicates that in all fairness, *the jury is entitled to see the entire statement.*

> The court: I want to see how big the document is and what has and hasn't been covered.

> Defense counsel: *And if it isn't, I would want all the other statements admitted, as well.* (emphasis added)

The court withheld ruling on the admissibility of the evidence. Later, however, it raised the issue of the *two* written statements, which by then had been marked and offered as two separate exhibits. The court indicated that, *in view of the defense's cross-examination,* the full prior statement was admissible as a prior consistent statement under 801(d)(1)(B), and it offered counsel the opportunity to edit the statements to exclude any improper material.

As we read the record, the court thus had two alternate grounds for admitting the evidence. One ground for admission, and the ground upon which the court here appeared to have admitted the statements, was as prior consistent statements under CRE 801(d)(1)(B) after a determination that defendant attacked the witness' credibility with a charge of recent fabrication or improper motive.

The other ground for admission is based on the longstanding rule that, where the defense tries to impeach on a portion of prior testimony in an attempt to show an inconsistency or contradiction, defendant waives any objection to the prosecution's use of another portion of the same testimony in order to show that, in its totality, the testimony was not inconsistent. *People v. Thompson,* 187 Colo. 252, 529 P.2d 1314 (1975).

■ Here, because defendant first introduced the statements, we conclude that he has waived any objection to the introduction of the rest of the written statements by the prosecution as explanatory material. Accordingly, because the evidence was admissible on this basis, we need not address whether the court properly admitted the statements under CRE 801(d)(1)(B). *See Lindsey v. People,* 892 P.2d 281 (Colo.1995)(reversal not required when trial court correctly admits evidence under incorrect rationale).

■ Even if we assume the statement was not admissible as a prior consistent statement, *see People v. Segura,* 923 P.2d 266 (Colo.App.1995), an error does not require reversal unless it substantially influenced the verdict or affected the fairness of the trial proceedings. *People v. Gaffney,* 769 P.2d 1081 (Colo.1989); *People v. Leske,* 937 P.2d 821 (Colo.App.1996).

■ Here, although the prosecution's case relied heavily on the testimony of this one witness, most of what is contained in the two written statements was brought out during the witness' testimony, especially during cross-examination. We are persuaded that the written statements were cumulative because defendant's only stated grounds when contemporaneously objecting to the evidence at trial was: "It's extrinsic evidence and isn't needed at this point."

Hence, we conclude that the admission of the two written statements did not substantially prejudice defendant and that any error, if such occurred, was harmless. For the same reasons, we reject defendant's related contention that reversal is required because the trial court permitted the jury unlimited

access to the witness' written statements during deliberation.

Judgment affirmed.

Judge NEY and Judge RULAND concur.