The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Sandra PINEDA, Defendant–Appellant.

No. 98CA1623.

Colorado Court of Appeals,
Div. I.

May 24, 2001.

As Modified on Denial of Rehearing
May 24, 2001.

Certiorari Denied Jan. 28, 2002. *

---

\* Justice MARTINEZ and Justice BENDER would grant as to the following issues:

Whether the court of appeals erred when it :(a) failed to follow *People v. G.W.R.*, 943 P.2d 466 (Colo.App. 1997) and approved the admission of child hearsay describing uncharged misconduct pursuant to § 13-25-129; and (b) adopted a new "res gestae" hearsay exception.

Whether portions of the child abuse statute, § 18-6-401, C.R.S., are unconstitutionally vague under the Due Process Clauses of the Colorado and United States Constitution.

Whether an individual may be convicted of felony child abuse when they do not cause injury to a child and the law imposes no duty on them to prevent or report abuse by another.

Whether the cumulative effect of error deprived Ms. Pineda of a fair trial. (a) Whether erroneous jury instructions permitted Ms. Pineda to be convicted absent sufficient evidence and without the requisite jury finding of criminal culpability. (b) Whether the court erred when it failed to grant a defense request for a bill of particulars. (c) Whether the court of appeals erred when it approved the trial court's admission without limiting instructions of a plethora of irrelevant uncharged misconduct evidence. (d) Whether rampant emotionalism, which was improperly created and exploited by the prosecution at trial, undermined the reliability of the verdict.

Ken Salazar, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge PIERCE.**

Defendant, Sandra Pineda, appeals a judgment of conviction entered on a jury verdict finding her guilty of child abuse resulting in serious bodily injury. She also appeals the trial court's imposition of a thirty-two-year sentence. We affirm.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

## I.

Initially, we reject defendant's contention that the trial court erred in excusing a potential juror for cause. She argues that the trial court: (1) abused its discretion by granting the prosecution's challenge for cause; and (2) violated state and federal law by refusing to accommodate the potential juror's request to take notes.

During voir dire, a potential juror informed the trial court that she had an attention deficit disorder. The potential juror indicated that due to her symptoms, she might have difficulty understanding the testimony without the benefit of taking notes during trial. Because the trial court had previously prohibited note taking during trial, the prosecution challenged the potential juror for cause. The trial court granted the challenge over defendant's objection.

We review a trial court's ruling on a challenge for cause under a standard of abuse of discretion. *Carrillo v. People*, 974 P.2d 478 (Colo.1999).

Abuse of discretion occurs if the trial court's ruling is manifestly arbitrary, unreasonable, or unfair. *Carrillo v. People, supra*. To determine whether the trial court abused its discretion in ruling on a challenge for cause, the entire voir dire of the prospective juror must be reviewed. *See People v. Abbott*, 690 P.2d 1263 (Colo.1984).

Neither counsel brought the statute to the trial court's attention. Although the better practice would be for the trial court to interview the juror and enter findings pursuant to the statute, reversal is not required here. The trial court had previously determined that, because it desired that the jurors rely on their "collective memories," it would prohibit note taking during this trial. Defendant did not object to this ruling.

The prospective juror stated that taking notes would help her to focus her attention. However, she gave no firm assurance that note taking would allow her to overcome her condition.

and § 24–51–1105, C.R.S.2000.

Therefore, we conclude that the trial court here acted within its discretion in granting the prosecutor's challenge for cause. *See Billings v. People*, 171 Colo. 236, 466 P.2d 474 (1970); *People v. Ellinger*, 754 P.2d 396 (Colo.App.1987).

■ Likewise, we perceive no basis for reversal under state and federal anti-discrimination laws. We are satisfied that the trial court determined that the potential juror's condition prevented her from performing the duties and responsibilities of a juror as required under § 13–71–104, C.R.S.2000. We will not address the issue of the alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 (2000). This issue was not raised in the trial court, and we will not address it here. *See People v. Cagle*, 751 P.2d 614 (Colo.1988).

## II.

■ Defendant contends that the trial court erred when it: (1) denied private counsel's motion to withdraw; and (2) overruled defense counsel's objection to proceeding absent adequate funds to prepare. We disagree.

■ Once an attorney undertakes to represent a defendant, that attorney impliedly agrees to remain on the case until its conclusion. Whether an attorney shall be permitted to withdraw from a case is a matter within the sound discretion of the trial court. *Anderson, Calder & Lembke v. District Court*, 629 P.2d 603 (Colo.1981). Thus, we again review for abuse of discretion.

Here, defendant's counsel sought to withdraw because of lack of funds two months after the information was filed. Because the case was beyond the preliminary hearing stage, the trial court denied the motion. Under these circumstances, we find no abuse of discretion.

■ Likewise, we perceive no error in the trial court's decision to proceed with a joint pretrial hearing over defense counsel's objection that he was unprepared. Defendant's husband, who was charged with a crime arising out of the same incidents as defendant, appeared with his counsel, who argued the majority of these same issues at the hearing. As will be discussed below, the trial court properly ruled on issues specific to defendant's case. Accordingly, we find no abuse of discretion in proceeding with the pretrial hearing.

## III.

■ Defendant next contends that § 18–6–401(1)(a), C.R.S.2000, violates due process of law as applied to her. Specifically, defendant argues that the statute does not provide adequate notice of the proscribed conduct or sufficiently limit the discretion of law enforcement, courts, or juries. We disagree.

Section 18–6–401(1)(a) provides that:

A person commits child abuse if such person causes an injury to a child's life or health, or permits a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health, or engages in a continued pattern of conduct that results in malnourishment, lack of proper medical care, cruel punishment, mistreatment, or an accumulation of injuries that ultimately results in the death of a child or serious bodily injury to a child.

■ Statutes are presumed to be constitutional, the burden being on the party attacking the statute to establish its unconstitutionality beyond a reasonable doubt. *See People v. Gross*, 830 P.2d 933 (Colo.1992).

■ To be unconstitutionally vague, as defendant claims § 18–6–401 is here, a statute must forbid or require the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *People v. Gross, supra.*

■ In analyzing a statute for vagueness, we first give effect to the intent of the General Assembly by looking to the language of the statute and giving the words their ordinary meaning. *People v. Baer*, 973 P.2d 1225 (Colo.1999).

The supreme court has previously explained that the purpose of § 18–6–401 is to:

protect children, who frequently are unable to care for themselves, from the risk of injury or death associated with conduct

that places a child in a situation that poses a threat to the child's well-being.

*Lybarger v. People,* 807 P.2d 570, 578 (Colo. 1991).

In *People v. Arevalo,* 725 P.2d 41, 48–49 (Colo.App.1986), a division of this court noted that under § 18–6–401:

> Every person has a duty to refrain from any action which causes a child to be placed in a situation which endangers the child's life and health. The statute refers to no external source of duty, and we do not believe the general assembly intended that a duty between an adult and a child necessarily be established before a person may be charged with child abuse. The law is intended to prevent child abuse, and it applies to any person. Therefore, we also reject [defendant's] argument that the People had to present evidence of the source of [defendant's] legal obligation to [the victim]. Nor do we find the statute to be unconstitutionally vague as applied.

Here, although there may be concerns about the potential scope of § 18–6–401, we conclude that the statute is constitutional as applied to this defendant.

The jury rejected finding defendant guilty of a lesser offense and specifically found her guilty of "knowing or reckless child abuse." The evidence amply supports the jury's verdict. The victim's seven-year-old brother testified extensively that defendant's husband severely beat the victim on an almost daily basis and that defendant knew of these beatings. The brother testified that, after one such beating in which the victim's arm was broken, defendant stood by as they were told by defendant's husband to lie about the incident. The brother also testified that the victim and he were frequently locked in a room and sometimes were forced to urinate there before defendant or defendant's husband would allow them out. One neighbor testified that he called the police after observing defendant's husband beating the victim. During that incident, defendant arrived home to discover the police interviewing her husband. An investigator for the state testified that, following the husband's arrest two months later, he observed blood throughout defendant's house, smelled urine in several rooms, and discovered a bedroom door that could not be opened from the inside. A detective testified that defendant told her that at times she witnessed her husband beating the children with a belt.

At trial, defendant testified and denied any knowledge of her husband's child abuse.

Under these circumstances, we reject defendant's argument that, because "any person" may be charged under § 18–6–401, the statute is unconstitutional as applied. The evidence of ongoing and pervasive child abuse should have put defendant on notice. Thus, we do not find the statute vague for lack of adequate notice.

Moreover, the broadness in the term "any person" is sufficiently limited by the accompanying elements required to obtain a conviction. The jury was required to find that defendant either: (1) permitted a child to be unreasonably placed in a situation that posed a threat; or (2) engaged in a continued pattern of abuse.

Likewise, we find no vagueness in any of the other phrases of the statute as applied to defendant. As noted in *Lybarger,* the purpose of the statute is obvious: to protect our children and keep them safe. When a stepmother who lives in the same house as the abused child and as the abuser fails to intervene and actively covers up such abuse, she is plainly "permitting" a child to be placed in a "situation that poses a threat of injury to the child's life or health." Thus, we need look no further than the plain meaning of the words in the statute to reject defendant's vagueness argument. *See People v. Baer, supra.*

We conclude that the statute is not so vague that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application to defendant.

## IV.

Because we find that defendant owed a legal duty under § 18–6–401, *see People v. Arevalo, supra,* we also reject defendant's contention that her conviction cannot stand because she herself caused no inju-

ry to the victim and she had no legal duty to stop abuse by her husband.

## V.

Defendant contends that the trial court erroneously instructed the jury on the elements of the charged offense and that there is insufficient evidence as to at least one of the prosecution's theories of liability. We disagree.

### A.

Where, as here, a party asserting error makes no contemporaneous objection at trial, this court's review of jury instructions is for plain error. *People v. McCoy*, 944 P.2d 577 (Colo.App.1996).

Because the jury instructions here correctly recited the elements of § 18–6–401, and we reject defendant's challenges to the language of the statute in other sections of this opinion, we find no error, plain or otherwise.

### B.

Evidence is sufficient to support a jury verdict if, viewed in the light most favorable to the prosecution, a jury could reasonably conclude that each material element of the offense was proven beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973); *People v. Espinoza*, 989 P.2d 178 (Colo.App.1999).

Relying on *James v. People*, 727 P.2d 850 (Colo.1986), defendant argues that because the prosecution's case rested on alternative theories under which she could be found guilty, and the jury returned a general verdict of guilty, to withstand a due process challenge the evidence must be sufficient to support a guilty verdict under each theory. Defendant's reliance on *James*, however, is misplaced.

Here, defendant challenges the evidence of a "continued pattern of abuse" and the evidence that defendant "permitted" a child to be unreasonably placed in a situation that posed a threat, as that term must be defined by law. Because these two phrases are alternative methods of establishing a single

element, the rule in *James* does not apply. *See People v. Hanson*, 928 P.2d 776 (Colo. App.1996). Hence, the evidence was sufficient.

## VI.

Defendant next contends that the trial court erred by denying her request for a bill of particulars. We disagree.

The trial court's decision to grant or deny a bill particulars is within its discretion, and the issue on appellate review is whether the trial court abused its discretion. *See Kogan v. People*, 756 P.2d 945 (Colo.1988).

The purpose of a bill of particulars is to enable a defendant to prepare his or her defense in cases where the indictment is so indefinite in its statement of a particular charge that it does not afford the defendant a fair opportunity to procure witnesses and prepare for trial. When addressing such motions, the trial court considers whether the requested information is necessary for the defendant to prepare his or her defense and to avoid prejudicial surprise. *Erickson v. People*, 951 P.2d 919 (Colo.1998).

Where the defendant can obtain adequate information through the charging document, preliminary hearing, and discovery process, a bill of particulars is not necessary. *See Thomas v. People*, 803 P.2d 144 (Colo. 1990).

Here, the issue was whether defendant had knowledge of ongoing instances of child abuse occurring within her household. At the time defendant requested a bill of particulars, the record discloses that several preliminary hearings had been conducted, and the People had provided defendant with much of the evidence that was later presented at trial.

Accordingly, we find the trial court acted within its discretion in denying defendant's request for a bill of particulars.

## VII.

Defendant contends that the trial court erred by admitting child hearsay in violation of §§ 13–25–129(1) and 18–6–401.1,

C.R.S.2000, and of her rights to confrontation and a fair trial. We do not agree.

■ Initially, because the hearsay declarant testified at trial and was subject to cross-examination, we reject defendant's argument that her right to confrontation was violated. *See People v. Oliver*, 745 P.2d 222 (Colo. 1987).

Section 18–6–401.1 provides an exception to the hearsay rule where the out-of-court statements made by a child relate to child abuse performed on the child.

■ Under § 13–25–129(1), otherwise inadmissible child hearsay describing acts of child abuse is admissible when that child is a victim of or a witness to child abuse, and if the time, content, and circumstances of the statement provide sufficient safeguards of reliability, and the child testifies at trial.

Under these circumstances, the balancing of the probative value against the prejudicial effect of the cumulative evidence is committed to the sound discretion of the trial court. *See People v. Galloway*, 726 P.2d 249 (Colo. App.1986). Here, we rule the trial court properly applied the balancing analysis in admitting the child's hearsay statements.

A more difficult issue is presented by some of the testimony of the victim's brother, who also was a child declarant. Defendant relies on *People in the Interest of G.W.R.*, 943 P.2d 466 (Colo.App.1997), for the proposition that statements from a child witness to the charged offense do not qualify as admissible hearsay statements of similar transactions. That opinion, however, is in conflict with *People v. Aldrich*, 849 P.2d 821 (Colo.App. 1992). It is our view that *Aldrich* correctly interprets the intent of the General Assembly regarding these statutes and declares the better public policy. Under the circumstances here, we choose to follow *Aldrich*, and rule that the testimony was admissible.

■ We further note that the brother's statements to the police on the day the victim was injured were part of the *res gestae, see People v. Martinez*, 24 P.3d 629 (Colo.App. 2000) (2000 Colo.App. LEXIS 1810) (evidence of other offenses or acts that are part and parcel of the criminal episode is admissible as res gestae), and therefore testimony from the investigator and the detective concerning the brother's statements was properly admitted.

Accordingly, we rule that the child hearsay testimony complained of here was properly admitted.

## VIII.

Defendant contends that the trial court erred by admitting other evidence of "similar transactions" involving the victim and his brother and failing to instruct the jury as to the limited purpose for which the evidence could be considered. We disagree.

■ We review the trial court's ruling on the admissibility of similar transactions evidence for abuse of discretion. *People v. Groves*, 854 P.2d 1310 (Colo.App.1992). The supreme court has announced a four-part balancing test for courts to follow before admission of similar transactions evidence. *People v. Spoto*, 795 P.2d 1314 (Colo.1990). If the balancing test is met, then the evidence is properly admissible. *See People v. Garner*, 806 P.2d 366 (Colo.1991).

■■ Here, the trial court acted within its discretion in admitting evidence of similar acts through the testimony of the victim's brother and others. We are satisfied that the trial court properly applied the four-part test of *Spoto* and CRE 404(b), in its detailed order. Further, the trial court's failure to give a limiting instruction to the jury did not amount to reversible error. See Wilson v. People, 743 P.2d 415 (Colo.1987). While it is the better practice to issue a limiting instruction to the jury contemporaneously with the introduction of such evidence, when, as here, such an instruction is not requested, the failure to give one is not reversible error. *People v. Copeland*, 976 P.2d 334 (Colo.App. 1998), aff'd, 2 P.3d 1283 (Colo.2000). In any event, this evidence was cumulative, and its admission was harmless under the circumstances here.

## IX.

Defendant contends that because the record on appeal is incomplete, she is entitled to

a reversal of her conviction. Specifically, defendant argues that the trial court did not record several bench conferences, nor did it record a pretrial hearing, thus prejudicing her right to appeal. We disagree.

■ A trial court has an affirmative duty to record contemporaneously all proceedings before it. *See Jones v. District Court,* 780 P.2d 526 (Colo.1989). In *Jones,* the supreme court held that trial courts in criminal cases may not conduct bench or side-bar conferences off the record, unless the parties so request or so consent. However, the court also stated that:

> We do not hold, however, that failure to record all trial proceedings will always result in reversible error. Any such claim of error may or may not be harmless error under the facts and circumstances in a particular case. Crim. P. 52(a).

*Jones v. District Court, supra* (fn.7).

■ Error in a criminal trial is harmless where it did not substantially influence the verdict or affect the fairness of the trial proceedings. *Salcedo v. People,* 999 P.2d 833 (Colo.2000).

■ Here, we rule that any error in the trial court's failure to record some of the bench conferences or one pretrial hearing was harmless. There is no record of defense counsel objecting to any of the unrecorded portions of the trial, nor does defendant articulate at this time how any such error prejudiced her. Moreover, we find sufficient information in the record before us to rule on the substantive objections raised throughout this appeal.

Nor do we find that a remand to the trial court for the purposes of reconstructing bench conferences would be helpful at this juncture. *See* C.A.R. 10.

Accordingly, we deny defendant's request for reversal or, in the alternative, for a remand to reconstruct the record.

## X.

Defendant contends that the cumulative effect of error deprived her of a fair trial.

Because we find no error in the trial court's conduct and rulings, there can be no cumulative error. Likewise, we find no instances of prosecutorial misconduct that would constitute reversible error.

## XI.

■ We also reject defendant's contention that the trial court erred by imposing the maximum aggravated range sentence of thirty-two years.

It is well-settled law that the sentencing of a defendant is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. *People v. Arguello,* 737 P.2d 436 (Colo.App. 1987).

Here, it is undisputed that the trial court applied the applicable sentencing guidelines. Rather, defendant argues that the trial court improperly considered her lack of remorse and in the totality of the circumstances abused its discretion in imposing the maximum sentence. After reviewing the record, we reject both arguments.

The judgment of conviction and sentence are affirmed.

METZGER and PLANK, JJ., concur.