**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kelly Lee CLEMONS, Defendant–Appellant.**

**No. 01CA2346.**

Colorado Court of Appeals, Div. A.

Oct. 23, 2003.

Certiorari Denied May 10, 2004.

Ken Salazar, Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Samler and Whitson, P.C., Eric A. Samler, Hollis A. Whitson, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge HUME.*

Defendant, Kelly Lee Clemons, appeals the judgment of conviction entered upon jury verdicts finding him guilty of attempted manslaughter, second degree kidnapping of a robbery victim, aggravated robbery, first degree assault, and first degree aggravated motor vehicle theft. We affirm.

## I.

Defendant first argues that the evidence is insufficient to support the jury's verdict finding him guilty of aggravated robbery. More specifically, defendant asserts that the evidence does not establish that he took a thing of value from the person *and* presence of the victim, as the jury instruction mistakenly defined the offense. We are not persuaded.

## A.

As an initial matter, we reject the People's assertion that defendant is precluded from raising this claim because his attorney made a binding judicial admission of guilt in closing argument. Even if we were persuaded that an argument by counsel could constitute a binding judicial admission as to the elements of a substantive offense, we would still reject the People's assertion in this case because the record shows that defense counsel made no such admission.

## B.

"A person who knowingly takes anything of value from the person *or* presence of another by the use of force, threats, or intimidation commits robbery." Section 18–4–301(1), C.R.S.2002 (emphasis added). And, as relevant here, "[a] person who commits robbery is guilty of aggravated robbery if during the act of robbery or immediate flight therefrom ... [h]e is armed with a deadly weapon with intent, if resisted, to kill, maim, or wound the person robbed or any other person." Section 18–4–302(1)(a), C.R.S.2002.

Contrary to defendant's assertion, the instruction defining aggravated robbery as requiring that the property be taken from the "person *and* presence" of the victim did not lower the prosecution's burden of proof beyond the statutory requirement that the property be taken from "the person *or* presence" of the victim.

Although the instruction in this case unnecessarily used the conjunction "and" between the alternative means of establishing this single element of aggravated robbery, the jury's general verdict may be sustained based solely on its finding that defendant took something of value from the victim's presence if that finding is supported by the evidence, because nothing more is required by the statute defining the offense. *See People v. Pineda*, 40 P.3d 60, 66 (Colo.App. 2001)(where general verdict is returned based on an instruction setting forth two alternative methods of establishing a single element, the requirement of *James v. People*, 727 P.2d 850 (Colo.1986), that alternative *elements* in a general verdict must both be supported by sufficient evidence does not

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

apply); *People v. Hanson*, 928 P.2d 776 (Colo.App.1996)(same).

Therefore, the jury's additional finding that defendant took something of value from the victim's person is a superfluous determination, and we need not decide whether it is supported by the evidence. *See Carlson v. People*, 91 Colo. 418, 429–30, 15 P.2d 625, 629 (1932)("[o]rdinarily, an instruction in the language of the statute is sufficient," and "[t]hose parts that are not applicable may be considered mere surplusage, unless ... they tend to mislead the jury").

### C.

In reviewing an insufficiency of the evidence claim, we view the evidence presented as a whole and in the light most favorable to the prosecution to determine whether it is sufficient to support a conclusion by a reasonable person that the defendant is guilty beyond a reasonable doubt. In this regard, the prosecution is entitled to the benefit of every reasonable inference that might be fairly drawn from the evidence. *Kogan v. People*, 756 P.2d 945 (Colo.1988).

The evidence in this case, when viewed according to the foregoing standards, establishes the following facts. On the evening in question, the victim was working as the front desk clerk of a motel where defendant was employed as a security guard and maintenance man. As part of her duties, the victim was responsible for the cash register located in the motel lobby.

The victim was working in the laundry room adjacent to the lobby when defendant approached her and asked whether she would help him move an item in his apartment on the second floor of the motel. The victim agreed to help defendant and followed him upstairs. When the victim entered defendant's apartment, he told her that the item was in a closet. As the victim walked toward the closet, defendant attacked her from behind and pushed her into the closet. Defendant choked the victim, cut her with a knife, threatened to kill her, and told her that he wanted to tie her up. The victim resisted until defendant stabbed her in the leg, at which point she agreed to be bound.

Defendant tied the victim's hands, placed a gag over her mouth, and left her in the closet.

Defendant then took over $500 from the cash register in the lobby and fled from the scene in a truck that belonged to the owner of the motel.

In *People v. Bartowsheski*, 661 P.2d 235, 244–45 (Colo.1983), the supreme court established the analytical framework for determining the meaning of "presence" for purposes of the robbery and aggravated robbery statutes. The court there noted that "presence" in the context of robbery "is not so much a matter of eyesight as it is one of proximity and control: the property taken in the robbery must be close enough to the victim and sufficiently under [her] control that, had [she] not been subjected to violence or intimidation by the robber, [she] could have prevented the taking" (quoting W. LaFave & A. Scott, *Handbook on Criminal Law* § 94, at 696 (1972)). The supreme court's reasoning in *Bartowsheski* is dispositive of this case.

Here, the trial evidence was sufficient to establish that the victim had control of the cash register and its contents. *See People v. Marquez*, 692 P.2d 1089, 1097 (Colo.1984)(evidence was sufficient to support robbery conviction of motel clerk where defendant took money from the cash drawer of the motel), rejected on other grounds by *James v. People, supra*; see also *People v. Borghesi*, 66 P.3d 93, 101 (Colo.2003)("Proof of ownership of the property taken is immaterial [in a robbery case] so long as the victim had sufficient control over it at the time of the taking.").

In our view, it is immaterial that the victim was not in the motel lobby when defendant used force to take away her control of the cash register. Defendant's conduct— luring the victim to his apartment and attacking her there in order to steal the money from the cash drawer located in the lobby—is virtually identical to that of the hypothetical robber described in *Bartowsheski*. Accordingly, we conclude the evidence was sufficient to prove that defendant took something of value from the presence of the victim by the use of force while armed with a deadly weap-

on and while acting with the intent, if resisted, to kill, maim, or wound the victim.

In light of our conclusion that there is sufficient evidence to sustain defendant's conviction for aggravated robbery, we necessarily also reject his derivative claim that, because no robbery was proved, the evidence is insufficient to support the jury's verdict finding him guilty of second degree kidnapping of a robbery victim.

## II.

Defendant next argues that the evidence is insufficient to support the jury's verdict finding him guilty of first degree aggravated motor vehicle theft. Again, we disagree.

As relevant here, "[a] person commits aggravated motor vehicle theft in the first degree if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception" and causes $500 or more of property damage. Section 18–4–409(2)(e), C.R.S.2002.

Although the statute specifies that the prosecution need only prove that the defendant obtained the vehicle "without authorization or by threat or deception," the jury instruction in this case stated the alternative methods of establishing this single element in the conjunctive, as follows: "without authorization *and* by threat *and* deception" (emphasis added).

■ Relying on this error in the instructions, defendant argues that the jury's verdict must be set aside because the prosecution failed to present any evidence showing that he took the truck from the motel owner by means of threat and deception. We reject this argument for the reasons set forth in the preceding section. *See Carlson v. People, supra; People v. Pineda, supra; People v. Hanson, supra.* Hence, because there was ample evidence proving that defendant took the motel owner's truck without authorization, we conclude the evidence is sufficient to support the jury's verdict.

## III.

Finally, defendant contends the prosecutor committed reversible error in closing argument by paraphrasing Edmund Burke's statement that "the only thing necessary for the triumph of evil is for good men to stand by and do nothing," characterizing defendant's actions as "evil," and then urging the jury not to "stand by and do nothing." Although we agree that these remarks were improper as used here, we conclude the error was harmless.

■ A prosecutor should not use arguments calculated to inflame the passion or prejudices of the jury. Thus, arguments urging a jury to convict in order to carry out the wishes of the community are improper. *See Wilson v. People,* 743 P.2d 415, 420 n. 8 (Colo.1987).

■ However, an instance of improper argument must be evaluated in the context of the prosecutor's argument as a whole and in light of the evidence. Errors that do not substantially influence the verdict or affect the fairness of the proceedings may be deemed harmless. Crim. P. 52(a); *People v. Griffith,* 58 P.3d 1111, 1113 (Colo.App.2002).

■ We agree with defendant that the prosecutor's use of this quotation was an improper attempt to persuade the jurors to convict defendant in order to combat evil for the community. However, this quotation was an isolated incident in an otherwise proper closing argument in which the prosecutor repeatedly urged the jury to apply the rules of law to the evidence adduced at trial. Accordingly, we are convinced that this error was harmless. *See Loaiza v. State,* 186 Ga. App. 72, 74, 366 S.E.2d 404, 406 (1988)(no reversible error where trial court sustained defendant's objection to prosecutor's use of this Burke quote in closing argument, but denied mistrial motion); *Commonwealth v. Davis,* 38 Mass.App.Ct. 932, 934, 646 N.E.2d 1093, 1095 (1995)(prosecutor's use of this Burke quote in closing argument, to which defendant objected, did not require reversal); *People v. Williams,* 453 N.W.2d 675 (Mich.1990)(prosecutor's use of this Burke quote in closing argument did not require reversal); *State v. Stufflebean,* 329 N.W.2d

314 (Minn.1983)(prosecutor's use of this Burke quote not reversible error); *cf. State v. Prevatte*, 356 N.C. 178, 264, 570 S.E.2d 440, 488 (2002)(prosecutor's use of this Burke quote in closing argument was proper); see also *Trujillo v. State*, 44 P.3d 22, 26 (Wyo.2002)(prosecutor's use of this Burke quote in closing argument was an inappropriate rhetorical device but not plain error). *But see State v. Mills*, 57 Conn.App. 202, 213, 748 A.2d 318, 325 (2000)(reversing defendant's conviction where prosecutor used this Burke quote in closing argument, but also emphasizing numerous other instances of serious misconduct in the prosecutor's closing argument).

The judgment is affirmed.

Chief Judge DAVIDSON and Judge WEBB concur.